1  WILDE & ASSOCIATES
   GREGORY L. WILDE, ESQ.
   Nevada Bar No. 004417
2  NARRAH F. NEWARK, ESQ.
   Nevada Bar No. 008201
3  208 South Jones Boulevard
   Las Vegas, Nevada 89107
4  Telephone: (702) 258-8200

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEVADA

| | |
|---|---|
| In re: <br> JAMES GORDON GRITZ, <br>     Debtor. | BK-S-04-12740-vj <br> Chapter 7 |
| THOMAS W. WILKINSON, THOMAS W. WILKINSON, PPA Benjamin Wilkinson Wiegand, THOMAS W. WILKINSON, PPA Jonathon Wiegand, and KAREN WILKINSON, <br>     Plaintiffs, <br> v. <br> JAMES GORDON GRITZ <br>     Defendants. | ADV. NO. _____ <br><br> Date: Sept. 27, 2004 <br> Time: 1:30 |

### COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. SECTION 523(a)(2)(A) and 11 U.S.C. SECTION 523(a)(2)(C)

Plaintiffs, THOMAS W. WILKINSON, THOMAS W. WILKINSON, PPA Benjamin Wilkinson Wiegand, THOMAS W. WILKINSON, PPA Jonathon Wiegand and KAREN WILKINSON, by and through their attorneys of record, WILDE & ASSOCIATES complains of the above-named Defendant James Gordon Gritz and alleges as follows:

///

///

1

C:\MyFiles\adversary.comp.wilkinson.wpd

## STATEMENT OF JURISDICTION

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. Section 1334, 157(a) & 57(b)(2)(I) and venue is appropriate pursuant to 28 U.S.C. Section 1409(a).

2. This Chapter 7 case was commenced on or about March 17, 2004, by the filing of a Voluntary Petition by the above-named Debtor/Defendant ("Defendant"), Bankruptcy Case No. 04-12740-VJ.

3. Defendant is an individual.

4. Plaintiffs are creditors of Defendant.

5. This is an adversary proceeding to determine the dischargeability of a debt.

## FIRST CLAIM FOR RELIEF

### (To Determine Dichargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(6))

6. On or about September 23, 1992, Plaintiff Thomas Wilkinson instituted an action in Connecticut to dissolve his marriage to one Linda Wiegand.

7. On January 27, 1995, the Court officially dissolved the marriage between Wilkinson and Wiegand. The Court further awarded custody of two minor children, namely Benjamin Wilkinson Wiegand and Jonathan Wiegand, to Thomas Wilkinson.

8. On or about October 1, 1996, Debtor / Defendant James "Bo" Gritz traveled to the State of Connecticut with the intent of securing national media attention and assisting Linda Wiegand in obtaining custody of the children, by means other than through proper court action.

9. To secure national attention, Debtor / Defendant assisted Linda Wiegand in publishing accusations against Thomas Wilkinson and Karen Wilkinson, sister to Thomas. These accusations included, but were not limited to, alleging that Thomas Wilkinson and Karen Wilkinson engaged in pedophilia and Satanism.

10. That Debtor / Defendant was or is a founder of a group known as "Center for Action."

11. The Center for Action did or does publish a monthly newsletter.

12. In October 1996, the Center for Action's Monthly Newsletter published an Article.

2    C:\MyFiles\adversary.comp.wilkinson.wpd

This Article contained many false and fabricated horrific allegations against Thomas Wilkinson and Karen Wilkinson.

13. The article stated that Thomas Wilkinson was raping his two young sons, whom at the the time were respectively a mere seven (7) and four (4) years old. That Thomas Wilkinson required the young boys to perform other graphic sex acts and that his sister, Karen Wilkinson, "prayed to the Devil."

14. Debtor / Defendant caused a news release to be published in late September or early October that accused Karen Wilkinson of being a convicted pedophile, being on the National register of Sex Offenders, and that she lived with her brother Thomas Wilkinson, and three other men that have a relationship with a Satanic Cult.

15. Debtor / Defendant had or has a radio program entitled "Freedom Calls" on the Talk America Radio Network, based in Canton, Massachusetts.

16. Debtor / Defendant as host willfully, knowingly and with intent to defame participated in broadcasting horrific and derogatory statements about Thomas Wilkinson and Karen Wilkinson.

17. On or about November 8, 1996, Debtor / Defendant caused to be published on the Internet, an article entitled, "Bo Gritz and Linda Wiegand - - What Happened"

18. Debtor / Defendant in the above article stated that "four year old Ben was being sexually abused" by Thomas Wilkinson.

19. Debtor / Defendant in the above article also stated that the two boys were in the custody of Thomas Wilkinson and Karen Wilkinson, whom he stated sodomized, raped, threatened and abused the two boys.

20. Debtor / Defendant on many other occasions made horrific and baseless allegations against Thomas Wilkinson and Karen Wilkinson in numerous mediums.

21.. On or about January 21, 1997, Plaintiff filed an action against Debtor/Defendant James "Bo" Gritz in the Judicial District of Hartford, State of Connecticut.

WILDE & ASSOCIATES
208 South Jones Boulevard
Las Vegas, Nevada 89107
(702) 258-8200 - Fax 258-8787

22. The Complaint alleged numerous counts of Libel and Slander against Debtor / Defendant, as well as Invasion of Privacy and Intentional Infliction of Emotional Distress.

23. On or about April 5, 2002, Superior Court, for the Judicial District of Hartford, in the State of Connecticut, granted the Wilkinsons' Motion for Judgment upon default and thereafter assigned a hearing to determine damages.

24. On or about September 11, 2002, Superior Court, for the Judicial District of Hartford, in the State of Connecticut, awarded Thomas W. Wilkinson Four Million Dollars ($4,000,000.00), along with interest in the amount of $2,564,324.99, for a total of $6,564,324.99.

25. On or about September 11, 2002, Superior Court, for the Judicial District of Hartford, in the State of Connecticut, further awarded, Thomas W. Wilkinson, PPA for Benjamin Wilkinson Wiegand Four Million Dollars ($4,000,000.00), along with interest in the amount of $2,564,324.99, for a total of $6,564,324.99.

26. On or about September 11, 2002, Superior Court, for the Judicial District of Hartford, in the State of Connecticut, further awarded Thomas W. Wilkinson, PPA for Jonathon Wiegand Four Million Dollars ($4,000,000.00), along with interest in the amount of $2,564,324.99, for a total of $6,564,324.99.

27. On or about September 11, 2002, Superior Court, for the Judicial District of Hartford, in the State of Connecticut, further awarded Karen Wilkinson Two Million Dollars ($2,000,000.00), along with interest in the amount of $1,353,204.49, for a total of $3,353,204.49.

28. A true and correct copy of the Judgment from the State of Connecticut, Superior Court, Judicial District of Hartford, Case No. CV 97-0567607 is attached hereto as Exhibit "1."

29. The $20,046,179.46 debt owed by Debtor / Defendant to Plaintiffs is nondischargeable under Bankruptcy Code Section 523(a)(6).

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine that the debt owed Plaintiffs by Defendant in the sum of $20,046,179.46, is nondischargeable pursuant to 11 U.S.C. Section 523(a)(6);

2. For attorney's fees and costs incurred;

3. For interest on the debt at the legal rate of interest; and,

4. For such other and further relief as the Court may deem proper.

DATED this 22nd day of June, 2004.

WILDE & ASSOCIATES

By _____
GREGORY L. WILDE, ESQ.
Nevada Bar #4417
NARRAH F. NEWARK, ESQ.
Nevada Bar #8201
208 South Jones Boulevard
Las Vegas, Nevada 89107
Attorneys for Plaintiff

5

C:\MyFiles\adversary.comp.wilkinson.wpd

**EXHIBIT 1**

C:\MyFiles\adversary.comp.wilkinson.wpd

# STATE OF CONNECTICUT

NO. CV 97-0567607            :            SUPERIOR COURT

THOMAS W. WILKINSON
of 670 East Street South, Suffield, Connecticut, 06078
Thomas W. Wilkinson, PPA Benjamin Wilkinson Wiegand,
of 670 East Street South, Suffield, Connecticut 06078        JUDICIAL DISTRICT
Thomas W. Wilkinson, PPA Jonathan Wiegand,
of 670 East Street South, Suffield, Connecticut 06078 and
Karen Wilkinson of 36 Flower Road, Hopewell Junction, NY 12533    Hartford

                                         AT Hartford

VS.                                          :           

                                         September 11, 2002

JAMES "BO" GRITZ                          :
HCR 37, Box 472 Sandy Valley, NV 89019

Present: Hon. Henry Cohn, Judge

## JUDGMENT

This action, by writ and complaint claiming money damages, came to this Court on February 25, 1997 and thence to April 5, 2002 when the court, (Aurigemma, J) granted plaintiffs' motion for judgment upon default and that the matter be assigned to a hearing in damages, and thence to the present time when the court held a hearing on damages.

The Court, having heard the plaintiff finds the issues for the plaintiffs.

Whereupon, it is adjudged that the plaintiff Thomas W. Wilkinson, recover Four ($4,000,000.00) million dollars of the defendant,

STATE OF CONNECTICUT
HARTFORD
JUDICIAL DISTRICT OF
SUPERIOR COURT
OFFICE OF THE CLERK

2002 OCT 16 A 10 33

COPY CERTIFIED

Oct 16 10 07 AM '02

1

197.00

It is further adjudged that the plaintiff Thomas W. Wilkinson, PPA for Benjamin Wilkinson Wiegand, recover Four ($4,000,000.00) Million Dollars of the defendant; and

It is further adjudged that the plaintiff Thomas W. Wilkinson, PPA for Jonathan Wiegand, recover of the defendant, Four ($4,000,000.00) Million Dollars and

It is further adjudged that the plaintiff Karen Wilkinson recover of the defendant TWO ($2,000,000.00) Million Dollars

THE COURT, having examined the record determines that the plaintiffs filed an offer of judgment on April 16, 1997 which the defendant failed to accept. The court finds that the plaintiffs filed this his offer of judgment not later than eighteen months from the filing of such complaint and awards, in accordance with Section 52-192a of the Connecticut General Statutes, twelve percent annual interest on said amount less attorney's fees from January 21, 1997.

Therefore the court awards the sum of $2,564,324.99 as interest to each judgment in favor of Thomas Wilkinson, Benjamin Wilkinson Wiegand and Jonathan Wiegand and the sum of $1,353,204.49 as interest to the judgment in favor of Karen Wilkinson.

The total of the judgment as to Thomas W. Wilkinson is therefore Six Million five hundred, sixty four thousand dollars and 99 cents ($6,564,324.99)

The total of the judgment as to Thomas W. Wilkinson, PPA Benjamin Wilkinson Wiegand is therefore Six Million five hundred and sixty four thousand dollars and 99 cents ($6,564,324.99).

The total of the judgment as to Thomas W. Wilkinson, PPA Jonathan Wiegand, is Six Million five hundred and sixty four thousand dollars and 99 cents ($6,564,324.99).

The total of the judgment as to Karen Wilkinson is Three million three hundred fifty three

2

thousand two hundred four dollars and 49 cents ($ 3,353,204.49).

*[signature]*
Assistant Clerk
JULIA D. WEBB

| B104<br>(Rev. 8/87) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | Adversary Proceeding Number<br>(Court Use Only) |
|---|---|---|
| **PLAINTIFFS**<br>THOMAS W. WILKINSON, THOMAS W. WILKINSON, PPA Benjamin Wilkinson Wiegand, THOMAS W. WILKINSON, PPA Jonathon Wiegand, and KAREN WILKINSON, | | **DEFENDANTS**<br>JAMES GORDON GRITZ, |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>WILDE & ASSOCIATES<br>Gregory L. Wilde, Esq.<br>208 South Jones Blvd.<br>Las Vegas, NV 89107<br>(702) 258-8200 | | ATTORNEYS (If Known)<br><br>George Carter, Esq.<br>1630 East Sahara<br>Las Vegas, Nevada 89104 |

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   X 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Complaint to to determine the dischargeability of a debt 11 U.S.C. § 523.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 454 | To Recover Money or Property | ☐ 455 | To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | X 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | | |
| ☐ 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 | To obtain an injunction or other equitable relief | ☐ 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 | Other (specify) |

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | X 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND<br>$ | OTHER RELIEF SOUGHT<br>Quiet Title | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>JAMES GORDON GRITZ | BANKRUPTCY CASE NO. BK-S-04-12740 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>NEVADA | DIVISIONAL OFFICE<br>Las Vegas | NAME OF JUDGE<br>VJ |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | X FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE<br>6/24/04 | PRINT NAME<br>Narrah F. Newark, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |

B-104
(Rev. 8/87)